UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                Case No.  2:14-cr-2
                                                                                HON.  JANET T. NEFF
PETER LOUIS MESHIGAUD,

       Defendant.

_____/

## **ORDER**

Defendant Peter Louis Meshigaud is alleged to have violated the conditions of his supervised release when he committed a domestic assault upon J.M. on or about July 23, 2018, and when he sexually assaulted J.M. on or about August 11, 2018. On March 13, 2019, the undersigned held a hearing to determine: (1) whether there is probable cause that Defendant committed the alleged violations, and (2) whether Defendant should be detained pending the resolution of the supervised released violation petition. For the reasons stated below, the undersigned finds that probable cause exists, and orders Defendant detained.

Prior to addressing the issues before the undersigned, it is necessary to summarize the unique procedural posture of this case. In 2014, Defendant pled guilty in this Court to Domestic Violence – Habitual Offender. United States District Judge R. Allan Edgar sentenced Defendant to 60 months imprisonment and 3 years supervised release.  On February 23, 2018, Defendant began his term of supervision. Defendant did not appear to have any violations until October 23, 2018, when a grand jury returned a four-count indictment against him. *See United States v. Peter Louis Meshigaud*, Case No. 2:18-cr-43 (W.D. Mich.). The indictment charged Defendant with two counts of Domestic Assault – Habitual Offender, one count Assault with a Dangerous Weapon, and one count Aggravated Sexual Abuse by Force or Threat. The next day, Defendant was arrested and arraigned on the

indictment. On October 24, the undersigned entered an Order of Detention, which explained that the Government had filed a motion for detention, pretrial services had recommended detention, and defense counsel reserved the issue of detention until she had time to consult with Defendant and research the case.

Shortly thereafter, on October 26, the United States Probation Office filed in this case a Petition for Warrant for Offender Under Supervision. The petition alleged two violations of the general condition that Defendant shall not commit another federal, state, or local crime. The two alleged violations were based on Count 3 and Count 4 of the indictment in the criminal case. Count 3 alleged that Defendant committed a domestic assault upon J.M. on or about July 23, 2018. Count 4 alleged that Defendant sexually assaulted J.M. on or about August 11, 2018. United States District Judge Janet Neff signed the petition and ordered the issuance of an arrest warrant. The record reflects that the warrant was executed on October 29. An initial appearance on the supervised release violation petition did not initially occur because Plaintiff was being detained on the new criminal charges. Defense counsel informed the Court that she wanted the supervised release violation matter held in abeyance until after the resolution of the new indictment.

Over the next several months, the criminal case proceeded. In March 2019, the case was set for a jury trial in Marquette before Judge Neff. Unfortunately, a few days before the trial was supposed to occur, it was adjourned because of an issue with the physical structure of the courtroom. On March 5, the criminal case was set for a jury trial in Grand Rapids on April 9 before U.S. District Judge Gordon J. Quist.

Meanwhile, on March 7, the undersigned held an initial appearance on the supervised release violation. At this hearing, the undersigned explained that Defendant could not be released in this case because he was being detained in the criminal case. Thus, Defendant reserved the issue of detention pending the resolution of the criminal case.

On March 15, U.S. Magistrate Judge Phillip Green held a video status conference in the criminal case and, after a short discussion with the parties, set the case for a jury trial in Marquette on May 7 before U.S. District Judge Terrance G. Berg.[1] Jury selection began the morning of May 7. But before jury selection was completed, the Government informed Judge Berg that J.M. had left the courthouse and was no longer willing to testify at trial. The Government further informed Judge Berg that it was not willing to compel J.M. to testify. Therefore, at the Government's request, Judge Berg dismissed the indictment without prejudice.[2] Defendant was not released, however, because of the pending supervised release petition.

Later that afternoon, U.S. Magistrate Judge Maarten Vermaat held a status conference on the supervised release violation and, at Defendant's request, set it for a detention and preliminary hearing on May 9. The detention and preliminary hearing was subsequently adjourned and rescheduled to May 13 before the undersigned.

On May 13, the undersigned held the detention and preliminary hearing. Unlike the jury trial the week prior, J.M. appeared at this hearing and testified. In addition, the undersigned heard testimony from FBI Special Agent John Fortunato, U.S. Probation Officer Matt Luce, and Defendant's father-Reginald Meshigaud.

There are two issues before the undersigned. First, the undersigned must determine whether there is probable cause that Defendant committed the alleged supervised release violations. Second, the undersigned must determine whether Defendant should be released or detained pending the resolution of the supervised release violation petition.[3]

---

[1] Judge Berg is a district judge in the Eastern District of Michigan. The Sixth Circuit designated him to preside over the jury trial in Marquette.

[2] Although the case was dismissed without prejudice, Judge Berg is permitting Defendant to file a motion to dismiss with prejudice.

[3] The undersigned notes that the detention issue is typically addressed before the preliminary hearing, but because of the unique procedural posture of this case and the fact that Defendant has been in custody for several months, the undersigned will consider whether there is probable cause to believe that the violations occurred first.

Rule 32.1(b)(1)(A) of the Federal Rules of Criminal Procedure provides that a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.

In this case, the undersigned finds that there is probable cause to believe that the violations occurred. This finding is primarily based on the testimony of J.M., as the undersigned finds J.M.'s testimony to be reasonably credible. J.M. testified about the domestic assault that occurred in July 2018, and the sexual assault that occurred in August 2018. She also testified about her relationship with Defendant. They have three children together including twins that were born in July 2018. J.M. was the victim in at least two of Defendant's prior domestic assault convictions. At the hearing, J.M. was able to recount the domestic assault in July 2018 and the sexual assault in August 2018 with sufficient specificity.

Although defense counsel proffered that she has plenty of witnesses who could establish that J.M. is not credible, those witnesses and the substance of their purported testimony were not presented at the hearing. J.M. showed up at this hearing and testified about the assaults, and the undersigned finds her testimony to be credible. Therefore, the undersigned finds that there is probable cause to believe that Defendant committed the alleged violations.

The next issue is whether Defendant should be detained pending the resolution of the supervised release violation. Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure provides that a "magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

Here, Defendant has not shown by clear and convincing evidence that he does not pose a danger to the victim and the community. The U.S. Probation Office recommends that Defendant be detained. The two alleged violations are violent offenses against an intimate partner. Defendant, who

is only in his late twenties, has a history of this type of behavior as he has three prior convictions of domestic assault. Defendant also has an alcohol problem and appears to have violated his conditions of supervised release on many occasions by consuming alcohol with family and friends. Defendant's father, Reginald Meshigaud, testified that Defendant could live with him if he was released, but the testimony at the hearing established that Defendant previously lived with his father when he was on home confinement and he drank alcohol during that time. The undersigned notes that, before his arrest in October 2018, Defendant was working at a casino and taking college classes. Defense counsel proffered that Defendant would be able to get his job back at the casino because the indictment in the criminal case was dismissed, but it is unclear whether this pending proceeding has any effect on his ability to go back to work at the casino. Simply, Defendant has not met his burden to rebut the presumption in favor of detention.

Accordingly, the undersigned finds that there is probable cause that Defendant committed the alleged violations. The case will be set for a final revocation before a district judge.

The undersigned further orders that Defendant be detained pending the resolution of the supervised release violation petition.

IT IS SO ORDERED

Dated: May 22, 2019                          ___/s/ Timothy P. Greeley_____
                                             TIMOTHY P. GREELEY
                                             UNITED STATES MAGISTRATE JUDGE