UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 2:14-cr-002

    HON. JANET T. NEFF

PETER LOUIS MESHIGAUD,

    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

On June 28, 2019, the United States Magistrate Judge issued a Report and Recommendation in this action (ECF No. 75), recommending that the Court find Defendant "did violate the condition of supervised release as set forth in violation #3 of the Amended Petition for Warrant or Summons for Offender Under Supervision" (ECF No. 71), and that the attached Judgment in a Criminal Case for Revocation of Probation or Supervised Release be entered. Pending before the Court are Defendant's Objections to the Report and Recommendation (ECF No. 79); the Government has filed a Response in opposition (ECF No. 89). Under Federal Rule of Criminal Procedure 59(b)(3), this Court "must consider de novo any objection to the magistrate judge's recommendation." Upon review of the parties' submissions and the record, the Court denies the Objections and will enter the Judgment as recommended.

Defendant first objects that the Magistrate Judge "erroneously recommended as a special condition of supervision that the defendant be 'banished' from the boundaries of Delta County, Menominee County, or the Hannahville Indian Community reservation without prior permission [from] the probation officer" (ECF No. 79 at PageID.434) (*see* Recommended Judgment, Special

Condition 6: "You must not be found in the boundaries of Delta County, Menominee Counties, or the Hannahville Indian Community reservation without prior permission from the probation officer," ECF No. 75-1 at PageID.428). Defendant further objects that "a sentence of 10 months' custody and then 90 days' inpatient treatment is greater than necessary in this case" (ECF No. 79 at PageID.436).

Defendant does not dispute the applicable legal standards, which are set forth in detail in the parties' submissions. Rather, Defendant argues that "the proposed banishment is not reasonably related to the nature of the offense and the history and characteristics of the defendant," and that the condition "'involves greater deprivation of liberty than is reasonably necessary' to serve the goals of deterrence and rehabilitation" (ECF No. 79 at PageID.439). Defendant proposes instead, that "a sentence of credit for time served with out-patient substance abuse treatment at the Hannahville reservation, together with prohibitions from consuming alcohol and being at the casino any time before or after his shift in security, and a prohibition on consuming alcohol would be appropriate in this case" (ECF No. 79 at PageID.436-437).

For the reasons more fully set forth in the Government's Response, the Court finds the Magistrate Judge's recommended sentence and special condition for a geographic restriction fully supported, both factually and legally. As the Government concludes, nothing in the record indicates that the Magistrate Judge's recommended sentence was imposed arbitrarily or that he failed to consider the relevant sentencing factors. Further, the Magistrate Judge thoroughly considered the case circumstances, including Defendant's history of alcohol abuse and criminal behavior, and his inability to comply with previous conditions of supervision, particularly on the reservation. The Magistrate Judge solicited and considered Defendant's input and concerns for contact with his family.

In this case, the geographical exclusion reasonably relates to the nature of the offense and the history and characteristics of the defendant, and involves no greater deprivation of liberty than is reasonably necessary to deter criminal conduct, protect the public, and foster rehabilitation. *See, e.g., United States v. Alexander*, 509 F.3d 253, 256-57 (6th Cir. 2007); *United States v. Eugene Walter George Rantanen*, 684 F. App'x 517, 521-22 (6th Cir. 2017) (unpublished). The geographic restriction does not preclude family contact at locations other than in the restricted area and, moreover, provides for exceptions to the restriction with permission of the probation officer. The recommended sentence of ten months incarceration, inpatient substance abuse treatment, and the geographical exclusion is both procedurally and substantively reasonable. The Magistrate Judge gave a sufficiently detailed explanation for the recommended sentence, ultimately advising Defendant:

> I want to fashion a sentence that's going to give you an opportunity to turn your life around, but I also want to fashion a sentence which is going to provide you with an opportunity to see your kids. So I am doing the best I can under difficult circumstances.

(ECF No. 80 at PageID.471). As the Government notes, the period of incarceration imposed was within the Guidelines. Defendant's assertion that his proposed alternative sentence and conditions would be more appropriate provides no basis for rejecting the Magistrate Judge's reasoning or recommendation.

**THEREFORE, IT IS ORDERED** that:

1. The Objections (ECF No. 79) are denied and the Report and Recommendation of the Magistrate Judge (ECF No. 75) is approved and adopted as the opinion of the Court.

2. Defendant's admission to violation #3 is accepted and the Court finds Defendant did violate the condition of supervised release as set forth in violation #3 of the Amended Petition for Warrant or Summons for Offender Under Supervision (ECF No. 71).

3. The attached Judgment in a Criminal Case (ECF No. 75-1) shall be entered in accordance with this order.

Dated: August 21, 2019  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge